UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RONALD DWIGHT SMITH,

       Petitioner,

v.                                      Case No. 2:10-cv-27
                                      HON. ROBERT HOLMES BELL

CATHERINE BAUMAN,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner filed this petition for writ of habeas corpus challenging his prison sentence of fifteen months to four years for felony assault. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based upon an unreasonable determination

of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme

Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district

court from looking to lower federal court decisions in determining whether the state decision is

contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160

F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of

the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the

Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams*

*v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state

court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion

opposite to that reached by this Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts."  *Id.*  A state court

decision will be deemed an "unreasonable application" of clearly established federal law "if the state

court identifies the correct governing legal principle from this Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case."  *Id.*  A federal habeas court may not find

a state adjudication to be "unreasonable" "simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law erroneously

or incorrectly."  *Id.* at 412.  Rather, the application must also be "unreasonable."  *Id.*  Further, the

habeas court should not transform the inquiry into a subjective one by inquiring whether all

reasonable jurists would agree that the application by the state court was unreasonable.  *Id.* at

410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is

whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). Petitioner's claim fails to state facts that point to such a constitutional error.

Petitioner raises the following claim in his habeas corpus petition:

Trial court departed from sentencing guidelines of 0 to 17 months for reasons other than prior conviction, facts admitted by the defendant or proved to the jury beyond a reasonable doubt. Under the United States Supreme Court bright-line rule except for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. The United States Supreme Court found that judicial fact-finding that increased the maximum sentence violated the Sixth Amendment.

Petitioner asserts that the trial court departed from the sentencing guidelines in violation of state law. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Petitioner previously filed a claim of appeal with the Michigan Court of Appeals, citing *People v. Uphaus*, 275 Mich App 158, 172; 737 NW2d 519 (2007). The Michigan Court of Appeals noted:

> Defendant also contends that the trial court failed to offer substantial and compelling reasons, which were objective and verifiable, on the record to support its departure from the minimum sentencing guidelines range. When reviewing a departure from the minimum sentencing guidelines range, this Court reviews the trial court's factual determinations for clear error. *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003). Whether a factor is objective and verifiable is reviewed de novo. *Id*. at 264. Determinations of whether a factor relied upon by the trial court were substantial and compelling, and the extent of the departure, are reviewed for an abuse of discretion. *Id*. at 264-265. An abuse of discretion has occurred "when the [trial] court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Unger, supra* at 217.
>
> The minimum sentencing guidelines range in this case was 0 to 17 months. When the upper limit of a defendant's minimum sentencing guidelines range is 18 months or less, a trial court is required to impose an intermediate sanction, which can include a jail term of 12 months or less. MCL 769.34(4)(a). A trial court may only depart from this range if it offers substantial and compelling reasons for its departure on the record. *Babcock, supra* at 255. Substantial and compelling reasons for departure must be "'objective and verifiable'" reasons that "'keenly' or 'irresistibly' grab our attention, and we should recognize them as being 'of considerable worth' in deciding the length of a sentence." *Id*. at 257, quoting *People v Fields*, 448

> Mich 58, 62, 67; 528 NW2d 176 (1995). Such substantial and compelling reasons only exist in exceptional cases. *Babcock, supra* at 257.
>
> At the sentencing hearing, the trial court informed defendant that it was initially inclined to sentence defendant to time served. However, defendant's conduct during the sentencing hearing impacted the trial court's sentence. When Valerie Campbell was reading her victim's statement to the court, defendant interrupted her, stating: "You're a pedophile . . . . You're a pedophile. You messed with your sister, you messed with our son." The trial court told defendant to be quiet and informed defendant that the victim had the right to express how defendant's behavior had affected her and the couple's children and that defendant had no right to talk at that time.
>
> A trial court may consider a defendant's actions or behavior in court when imposing a sentence. *People v Eason*, 435 Mich 228, 240; 458 NW2d 17 (1990); *People v Ahumada*, 222 Mich App 612, 617; 564 NW2d 188 (1997). Before imposing defendant's sentence, the trial court referred to defendant's outburst and noted that defendant's "true personality" showed through, telling defendant: "You have brought this upon yourself, this morning, yourself, do you know that?" The trial court noted "the anger, the hatred the vitriol" displayed by defendant while the victim addressed the court. The trial court then concluded that this outburst and defendant's conduct at the sentencing hearing indicated that he was likely to re-offend and was incapable of controlling himself. Based on defendant's conduct at the sentencing hearing and defendant's demonstrated extreme hostility toward the victim, there were objective and verifiable reasons for the trial court to conclude that defendant's lurking anger toward the victim, and the likelihood of re-offending that it creates, constituted a substantial and compelling reason to depart from the minimum sentencing guidelines range.

*People v. Johnson*, unpublished opinion per curiam, Court of Appeals No. 280333.

Accordingly, the Michigan Court of Appeals rejected Petitioner's contention that the trial court failed to offer substantial and compelling reasons, which were objective and verifiable, to support its departure from the minimum sentencing guidelines range.  The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

States; or result in a decision that was based upon an unreasonable determination of the facts in light

of the evidence presented in the state court proceeding. In summary, the undersigned concludes that

Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition

with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a

certificate of appealability be denied as to each issue raised by the Petitioner in this application for

habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted.   A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of

a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.   Consequently, the

undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of certificate, "the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that

a dismissal of each of Petitioner's claims was debatable or wrong.   Therefore, the undersigned

recommends that the court deny the Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be

served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).

                                 /s/ Timothy P. Greeley
                                 TIMOTHY P. GREELEY
                                 UNITED STATES MAGISTRATE JUDGE

Dated:   June 15, 2012